BETTYE–JEN, INC., et al., Appellants,

v.

**James J. RILEY, Appellee.**

**No. 13322.**

Court of Civil Appeals of Texas, Austin.

April 1, 1981.

Stephen Briley, Law Offices of Dale E. Muller, Austin, for appellants.

**8.** *Id.*

**9.** *Briant v. McGown*, 15 S.W.2d 1110 (Tex.Civ. App.1929, writ ref'd).

**10.** *Lindsey v. Rose*, 175 S.W. 829 (Tex.Civ.App. 1915, writ ref'd).

William M. Knolle, Richard L. Crozier, Douglass D. Hearne & Associates, Austin, for appellee.

POWERS, Justice.

The 201st Judicial District Court of Travis County, Texas, awarded appellee, James J. Riley, judgment against appellants, Bettye-Jen, Inc., and Glen Shipman, the president of Bettye-Jen, in the amount of $1,100.00 "as damages incurred for attorneys fees, together with interest thereon...." No other sum is mentioned in the judgment. Appellants complain on appeal that the award of attorney's fees was erroneous. We affirm the judgment of the trial court.

Riley entered into a contract with Bettye-Jen as general contractor for construction of a home. Bettye-Jen hired Randy Jacoby to act as a subcontractor. The subcontractor obtained materials for the work from Charles Cameron but failed to pay for them. Bettye-Jen paid Jacoby for his subcontract work and Riley paid Bettye-Jen the full contract price after Shipman executed an affidavit which stated that payment had been made for all labor and materials. This affidavit was executed by Shipman under the terms of the contract with Riley and without knowledge that Jacoby had failed to pay for the materials supplied by Cameron.

Cameron sued Riley for the price of the materials supplied to the subcontractor, for foreclosure of the statutory lien evidenced by Cameron's recorded lien affidavit, for an order of sale, for attorney's fees, and for general relief. Riley answered Cameron's suit and cross-claimed against Bettye-Jen and Shipman for indemnification as to all sums Riley might become obligated to pay Cameron, for statutory attorney's fees, for treble damages in a deceptive-trade practice action, and for general relief.

Cameron took a nonsuit in his claim against Riley. On Riley's cross-claim against appellants the district court entered judgment for the $1,100.00 "as damages incurred for attorneys fees," together with post-judgment interest. Appellants contend that the district court erred in awarding attorney's fees on the grounds that the Riley contract did not provide for such fees and that no statute authorized them, particularly not Tex.Rev.Civ.Stat.Ann. art. 2226 or Tex.Bus. & Comm.Code § 17.50.

The record on appeal does not include a statement of facts or findings of fact and conclusions of law. We presume that sufficient facts were shown at trial to support the trial court's judgment. It is plain that the court entered judgment on Riley's claim for indemnity and not on his claim for statutory attorney's fees, for the judge took pains to interline the words "as damages *incurred for attorneys fees....*"

There was in effect, at all material times, Tex.Rev.Civ.Stat.Ann. art. 5463, which provides in part as follows:

> "When an affidavit claiming a lien is filed by any one other than the original contractor under the provisions of this Act, *the original contractor shall defend the action brought thereupon at his own expense.* In case of judgment against the owner or his property upon the lien, he shall be entitled to deduct from the amount due the contractor the amount of said judgment and costs; and, if he shall have settled with the contractor in full, he shall be entitled to recover from the contractor any amount so paid for which the contractor was originally liable...." (emphasis supplied).

This statute, at least as to the substantive rights and remedies created by it, became a part of the contract between Riley and appellants. *Langever v. Miller,* 124 Tex. 80, 76 S.W.2d 1025 (1934). It rather clearly placed upon appellants the duty to defend Cameron's suit at appellants' expense, and to reimburse Riley for any sum adjudged against Riley in favor of Cameron. Although the second duty became immaterial on Cameron's nonsuit, the first duty remained. We presume, in the absence of a statement of facts, that all necessary facts support the award of $1,100.00 as the reasonable expense incurred by Riley in resisting Cameron's action.

We hold that the trial court correctly applied the law in awarding Riley the amount of his attorney's fees "as damages," pursuant to his claim for indemnity. *Southwest Nat. Bank v. Employers' Indemnity Corp.*, 12 S.W.2d 189 (Tex.1929).

The judgment of the trial court is affirmed.